**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**TIMOTHY SNYDER, on behalf of
himself and those similarly situated,**

    **Plaintiff,**

v.                                                    **Case No.  8:11-cv-845-T-30EAJ**

**GLEN LAKES PARTNERSHIP, LTD.,
a Florida limited partnership, d/b/a
GLENLAKES GOLF & COUNTRY CLUB,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Count II of Plaintiff's Complaint (Dkt. 7) and Plaintiff's Response in opposition (Dkt. 9). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## DISCUSSION

On April 19, 2011, Plaintiff, on behalf of himself and those similarly situated, filed this lawsuit against Defendant, seeking unpaid overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b) ("FLSA"), and for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §2201. This case is at issue upon Defendant's motion to dismiss the claim for declaratory relief (Count II). Notably, Plaintiff is no longer employed with Defendant.

There is no dispute among the parties that the Court's authority to grant declaratory relief under 28 U.S.C. §2201 is discretionary. As Defendant points out, there is a dearth of cases that discuss the appropriateness of a claim for declaratory relief in an FLSA case. Both parties acknowledge that this Court previously stated in *McCallister v. Southwest Signal, Inc.*, Case No. 8-10-cv-2742-T-30TBM (M.D. Fla. Jan. 24, 2011), that a declaratory claim and an FLSA claim could be pled in the alternative.

In *McCallister*, the defendant moved to dismiss the declaratory relief claim because the claim sought relief that was duplicative of the relief sought in the FLSA claim. *Id.* The Court held that the claims could be alleged in the alternative and denied the defendant's motion to dismiss. *Id.*; *see also Salazar-Martinez v. Fowler Brothers, Inc.*, 2011 WL 915675 (W.D.N.Y. Mar. 15, 2011) (denying motion to dismiss declaratory relief count in an FLSA case); *Puleo v. SMG Property Mgmt.*, 2008 WL 3889727 (M.D. Fla. Aug. 2008) (same).

Unlike the defendant in *McCallister*, Defendant in this case makes the distinction that dismissal of the declaratory relief claim is appropriate because Plaintiff is a former employee, i.e., there is an absence of a "present right." The Court agrees that the absence of a present or future connection to the defendant employer is highly relevant to the analysis of whether the Court should exercise its discretion to award declaratory relief. Here, however, Plaintiff brings his claims on behalf of himself <u>and</u> other similarly situated employees (current or former). Additionally, Plaintiff seeks a declaration that Defendant failed to keep accurate time records, which would impact any current employees who choose to opt-in this case.

Under these circumstances, the Court concludes that Plaintiff may allege a declaratory relief claim in addition to the FLSA claim.  However, if certification of the collective action is denied, the Court will consider dismissing the declaratory relief claim as superfluous.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Count II of Plaintiff's Complaint (Dkt. 7) is DENIED.

2. Defendant shall file an answer to the complaint within fourteen (14) days from the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on July 19, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2011\11-cv-845.mtdismiss7.frm